IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILIP F. POSTLEWAITE,

        Plaintiff,

v.

NORTHWESTERN UNIVERSITY,

        Defendant.

Case no.
**Trial by jury demanded.**

# COMPLAINT

Plaintiff, PHILIP F. POSTLEWAITE, through his attorneys CASE + SEDEY, LLC for his Complaint at Law against Defendant states and alleges as follows:

## Introduction

1. This Action arises under the Age Discrimination in Employment Act and the Illinois Human Rights Act.

## The Parties

2. Plaintiff Philip F. Postlewaite ("Plaintiff") is a citizen of the United States and a resident of Chicago, Cook County, Illinois. Plaintiff has at all relevant times been employed by Defendant and is an employee as defined by the aforementioned statutes.

3. Defendant Northwestern University ("Defendant") is a private educational institution existing by and under the laws of the State of Illinois, with its principal place of business located in Evanston, Cook County, Illinois.

4. Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

## Factual Allegations

5. Plaintiff began working as a professor for Defendant's School of Law in 1981 teaching Tax Law.

6. Plaintiff is 78 years old.

7. Plaintiff is one of the preeminent scholars in the field of Tax Law. He has authored more than twenty books, a number of which are multi-volumed with ongoing revised editions, and more than forty-five scholarly articles.

8. In 2001, the Dean of the Law School at the time, David Van Zandt, asked Plaintiff to start a LLM Tax Program at Northwestern. Plaintiff agreed and by August 2002 the Program was both operational and revenue-producing.

9. Now, more than twenty years later, the Tax Program is consistently ranked as one of the top four tax programs in the Country among 200 law schools. It has also been the highest-ranked specialty department in the Law School for 17 of the last 19 years.

10. From 2001 to present, Plaintiff has served as the Director of the Tax Program. Since its inception, he has also continued to teach tax law classes each semester (aside from when he was on an approved research leave).

11. In addition to its reputational success, the Tax Program has also generated significant profit for the Law School.

12. Per the Faculty Handbook, tenured professors like Plaintiff earn "base salary" for teaching and research. Those professors with administrative responsibilities like Plaintiff also earn "administrative stipends" for these additional responsibilities.

13. In line with the Law School's Guidelines, since creating the LLM Tax Program, Plaintiff has been paid base salary for his teaching and research and an administrative stipend for his LLM Tax responsibilities.

14. In December 2013, Northwestern offered its oldest faculty members, including Plaintiff, early retirement options. At the time, Plaintiff was sixty-eight years old. Many of the professors accepted the offer and retired. Plaintiff, however, loved his job and told the Dean at the time that he had no plans to retire.

15. Since then, Defendant has awarded Plaintiff substantially lower base salary increases as compared to his substantially younger, less tenured and less experienced counterparts. This has resulted in him earning less in base salary than several substantially younger far less experienced counterparts.

16. According to the median base salary information that Defendant published for the 2022-23 academic year, Plaintiff's base salary was $7,000 below the 50th percentile listed as $289,224 and $55,000 below the 75th percentile listed as $337,256. However, in terms of years of teaching in legal academia for the same group, the 50th percentile is twenty years and the 75th percentile is thirty-two years. Plaintiff has forty-nine years of legal academic teaching experience, forty-two of which have been with Defendant.

17. On February 7, 2023, Plaintiff filed an EEOC Charge alleging age discrimination which was cross-filed with the Illinois Department of Human Rights which is attached as Exhibit A.

18. On August 21, 2023, Plaintiff received his Notice of Right to Sue which is attached as Exhibit B.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

19. Plaintiff incorporates by reference paragraphs 1-18 as though set forth herein.

20. Defendant has intentionally and willfully discriminated against Plaintiff by paying him less in base salary than his significantly younger less experienced counterparts.

21. As a result of Defendant's discrimination, Plaintiff has suffered lost wages and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court award him lost wages and benefits stemming from Defendant's discrimination as well as liquidated damages and attorneys' fees and costs.

## COUNT II
## VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

22. Plaintiff incorporates paragraphs 1-18 as though set forth herein.

23. Defendant has and continues to intentionally discriminate against Plaintiff by paying him less in base salary than his significantly younger less experienced counterparts.

24. As a result of this discrimination Plaintiff has suffered lost wages and benefits as well as emotional distress damages.

WHEREFORE, Plaintiff respectfully requests that this Court award him all lost wages and benefits stemming from Defendant's discrimination as well as compensatory damages and attorneys' fees and costs.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues herein.

                                            Respectfully Submitted,

                                            PHILIP F. POSTLEWAITE

                                            By:    /s/*Kristin M. Case*
                                                        One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
Case + Sedey, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Fax (312) 920-0800
Attorney No. 64366