# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA  ☒ EEOC | 440-2023-03670 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Philip Postlewaite | 312-503-7359 | 5/30/45 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2444 N. Burling St. | Chicago, IL 60614 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Northwestern Pritzker School of Law | 50+ | 312-503-3100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 375 East Chicago Ave. | Chicago, IL 60611-3069 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

Please see attached for Particulars

EEOC Rec'd Date: 2/7/2023

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/2/23   [signature: Philip F. Postlewaite]
Date    Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EXHIBIT A

I believe that Northwestern Pritzker School of Law ("Respondent") has engaged in an ongoing pattern of discriminatory compensation based on my age (77) in violation of state and federal law in that:

I have been working as a tenured law professor for Respondent for 42 years. In that time, I have taught courses as expected of a tenured professor and, separate and apart from my teaching, successfully implemented and run an LLM Tax Program which has been ranked as one of the top four tax programs in the Country. Throughout these years, I have also published more than 52 books and 40 articles.

Per the Faculty Handbook, "base salary" is for teaching and research. See, Ex. A. I am paid a separate administrative stipend for my LLM Program duties.

In or around December 13, 2013, Respondent offered me and about ten other faculty members (all sixty-eight years and older) early retirement packages. Many of my older counterparts accepted the packages but I declined because I love my job. Since then (and possibly even before), I believe I have received substantially lower increases to my base salary as compared to my substantially younger, less tenured, less experienced, and less published counterparts.

Northwestern publishes certain compensation information for its graduate schools. For the 2020-2021 school year, I was paid $263,493 while the 75th percentile of base salary compensation was $302,956. See, Ex. B. This means that there was an almost $40,000 differential between me and the tenth/eleventh highest paid full professor. This discrepancy existed even though I am the second most tenured professor at the Law School. See, Ex. C.

The latest statistics as reflected in the 2021-22 school year chart show an even greater disparity. See, Ex. D. For the 2021-2022 year, the 75th percentile of base salary was $324,284, while I was making $271,397 in base salary. This reflected an almost a $55,000 differential between me and the tenth/eleventh highest paid full professor. In fact, I am just a few thousand dollars above the 50th percentile, again despite that I am the second most tenured at the School.

In March of 2022, I met with the Dean of the Law School, Hari Osofsky, to explain my concerns regarding my discriminatory compensation. She promised to investigate my concerns but did not get back to me until seven months later on October 21, 2022 when she told me only that she had "completed a review" of my "total salary" and that she did not see a basis for adjustment. This review or the findings were not shared with me.

I believe that for years now I have been paid far less than my substantially younger less experienced counterparts based on my age. I believe instead of compensating me and other long-term older faculty members who have remained productive and dedicated, the law school uses its money to recruit and retain younger professors. This is an ongoing and continuing violation of the ADEA.